IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CORTEZ D. GILLUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 12-cv-626-JPG |
| | ) | |
| MICHEAL BAXTON JR., MICHEAL | ) | |
| FLOORE, ALVIN PARKS JR., and | ) | |
| EAST ST. LOUIS POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM AND ORDER

GILBERT, District Judge:

Plaintiff Cortez D. Gillum, a prisoner at the St. Clair County Jail, brings this pro se action pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> **(a) Screening.**— The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for Dismissal.**— On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face

"when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of the plaintiff's claim, *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks*, 578 F.3d at 581. At the same time, however, the factual allegations of a pro se complaint are to be construed liberally. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir.2009).

## The Complaint

On March 4, 2012, Plaintiff was walking across a parking lot at a housing complex in East St. Louis, Illinois, when a car approached him at high speed from behind. Plaintiff turned around and saw it was a police car. The car struck him in the knee as it pulled to a stop. Defendant Micheal Baxton Jr. got out of the car, drew his gun, and pointed it at Plaintiff's face. Baxton grabbed Plaintiff by the shirt and hit him across the right side of his head with a gun. Plaintiff ducked to avoid a second blow, but the butt of the gun hit him on the top of the head. Baxton told Plaintiff he was going to save the taxpayers money and kill Plaintiff. He continued to beat Plaintiff, telling him, "Run so I can shoot you, punk." Plaintiff tried to defend himself. He told Baxton, "Man, just arrest me and take me to jail." Baxton told him he wasn't going to jail today. He was going to die. They scuffled with the gun. Baxton put the gun under Plaintiff's chin and tried to fire it, but it failed to discharge because the safety was on. When Baxton saw the safety was on, he said "I am going to mace the fuck out of you with pepper spray and then blow your brains

out." Plaintiff pleaded with Baxton that he had a wife and children. Baxton again told Plaintiff to run so Baxton could shoot him.

Plaintiff believed he was in imminent danger. Just then, his cell phone rang and distracted Baxton. Baxton then told the people standing nearby to mind their own business and look the other way or leave. He started to raise his gun. Plaintiff, fearing for his life, pulled out his own gun, fired it, and ran as Baxton dove in front of the police car.

Plaintiff says Baxton's assault on him was without provocation or justification. Plaintiff is currently held in the St. Clair County jail, although he does not say how he got there or whether it is related to the incident with Baxton.

**Discussion**

Plaintiff alleges that Baxton attempted to kill him "with malice" and that he used deadly force without provocation while acting under the color of law and performing his official duties. In an action under § 1983, the plaintiff must show that the defendant deprived him of a right secured by the Constitution and laws of the United States, and that the defendant acted under color of state law when he deprived the plaintiff of that right. *See Pickrel v. City of Springfield*, 45 F.3d 1115, 1118 (7th Cir.1995); *Hughes v. Meyer*, 880 F.2d 967, 971 (7th Cir.1989). The mere fact that a defendant is a police officer does not mean that he acted under color of state law. *Gibson v. City of Chicago*, 910 F.2d 1510, 1516 (7th Cir.1990). The essential inquiry is whether the police officer's actions related in some way to the performance of a police duty. *Gibson*, 910 F.2d at 1517. Here, Baxton drove up to Plaintiff in a police car. He also told Plaintiff to run so Baxton could shoot him. These facts suggest Baxton was there, at least officially, to arrest Plaintiff. So his actions related in some way to the performance of a police duty.

Under the Fourth Amendment, an officer's right to make an arrest, investigatory stop, or other seizure[1] of a person includes the right to use some degree of physical force, but the use of force must be objectively reasonable in light of the totality of the circumstances. *Graham v. Connor*, 490 U.S. 386, 396 (1989); *see also Catlin v. City of Wheaton*, 574 F.3d 361, 366 (7th Cir. 2009). Under the circumstances described, Plaintiff's excessive-force claim against Baxton merits further review.

Plaintiff further alleges that the Chief of Police, Micheal Floore, failed to perform investigatory probes into unethical conduct of police officers under his command, and that this failure led to the violation of Plaintiff's rights by Baxton; Plaintiff says Baxton *knew* his actions would not be punished. Plaintiff also alleges that Alvin Parks Jr., as the mayor of East St. Louis, is liable as a principal for all city employees, for negligent supervision, and for retaining an employee he knew or should have known was unfit. He acted with deliberate indifference after obtaining knowledge of his employee's conduct. Plaintiff cites the doctrine of *respondeat superior* as a basis for Parks's liability.

It is well established that the doctrine of *respondeat superior* does not apply to § 1983 actions. To be liable, a defendant must be personally responsible for the constitutional violation. *See, e.g.*, *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir.2001) (citing *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir.1995)). For liability to attach to an individual in a supervisory role,

> [a]t a minimum, a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers. Inaction by the ... officials would also not attach liability. There can be liability only when there is an extremely high degree of culpability for inaction.

---

[1] "A 'seizure' triggering the Fourth Amendment's protections occurs only when government actors have, 'by means of physical force or show of authority … in some way restrained the liberty of a citizen.'" *Graham*, 490 U.S. at 395 n.10 (quoting *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968)).

*Lenard v. Argento*, 699 F.2d 874, 885 (7th Cir.1983) (citations omitted).

Here, neither Floore nor Parks can be held liable as Baxton's superiors. And Plaintiff's allegations are so sketchy that they fail to provide sufficient notice of his claim. *See Brooks*, 578 F.3d at 581. He says Floore failed to perform investigatory probes into officers' unethical conduct, without giving any indication what conduct Plaintiff is referring to. Plaintiff does not say how Parks knew or should have known Baxton was unfit. He does not suggest how or when Parks learned of an employee's misconduct, or what that misconduct was. These generalized allegations do not plead enough facts to state a claim to relief that is plausible on its face. *See Twombly*, 550 U.S. at 570.

Plaintiff adds a claim that Parks, in performing his official duties as mayor, failed to provide training for his employees, or what training he did provide was defective. When a plaintiff sues an individual in his official capacity, the suit is treated as if the plaintiff has sued the municipality itself. *Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir. 2006). So Plaintiff's allegation here is against the City of East St. Louis. Under limited circumstances, a municipality's failure to train may amount to an official custom or policy that can serve as the basis for liability under § 1983. *City of Canton v. Harris*, 489 U.S. 378, 387 (1989). But establishing liability for the failure to train requires proof of "deliberate indifference" to the rights of persons likely to come in contact with the municipality's employees. *Id.* at 388. Such proof can take the form of either "(1) failure to provide adequate training in light of foreseeable consequences; or (2) failure to act in response to repeated complaints of constitutional violations by its officers." *See Rome v. Meyers*, 353 Fed. App'x 35, 36–37 (7th Cir. 2009) (citing *Sornberger v. City of Knoxville*, 434 F.3d 1006, 1029–30 (7th Cir. 2006)). Plaintiff only makes a conclusory assertion that the training was defective. He does not give any information about the training that was provided or how it

was inadequate "in light of foreseeable consequences." He does not allege there were repeated complaints of constitutional violations either. Accordingly, Plaintiff's allegations about training fail to state a claim upon which relief can be granted.

Finally, Plaintiff names the East St. Louis Police Department as a defendant in this action. Yet a police department is not a suable entity apart from the city. *See West By and Through Norris v. Waymire*, 114 F.3d 646, 646–47 (7th Cir. 1997). The East St. Louis Police Department is therefore dismissed.

**Disposition**

**IT IS HEREBY ORDERED** that Defendants **FLOORE, PARKS,** and the **EAST ST. LOUIS POLICE DEPARTMENT** are **DISMISSED** from this action **without prejudice**. Plaintiff's excessive-force claim shall receive further consideration.

The Clerk of Court shall prepare for Defendant **BAXTON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the

forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Frazier for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, he was deemed to have entered into a stipulation that the recovery, if

any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  See Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED: September 12, 2012

*J. Phil Gilbert*
United States District Judge