UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORTEZ D. GILLUM,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL BAXTON, JR. *et al.*,<br><br>    Defendants. | Case No. 12-cv-626-JPG-PMF |

### MEMORANDUM AND ORDER

  This matter comes before the Court on defendant Michael Baxton Jr.'s motions for contempt against Roddrick Lewis for failure to appear at his deposition and to exclude Lewis' testimony (Docs. 120 & 133), and Magistrate Judge Philip M. Frazier's Certification of Facts Constituting Civil Contempt (Doc. 137).  The Certification found that Lewis had failed to obey a deposition subpoena and had failed to obey a Court order directing him to attend a deposition. The Court held a hearing on the matter on January 14, 2016, which Lewis was ordered to attend and show cause why he should not be held in contempt of court.  He failed to appear.

  "A contempt order is considered civil if the sanctions imposed are designed primarily to coerce the contemnor into complying with the court's demands. . . ." *In re Grand Jury Proceedings*, 280 F.3d 1103, 1107 (7th Cir. 2002).  A party can be held in civil contempt if the party seeking contempt proves (1) there was a decree from the Court (including a subpoena) that set forth in specific detail an unequivocal command, (2) there is clear and convincing evidence that the decree was violated, (3) the violation was significant in that it was not substantial compliance, and (4) the violator has not been reasonably diligent and energetic in attempting to accomplish what was ordered.  *Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 711 (7th Cir. 2014); *Stotler & Co. v. Able*, 870 F.2d 1158, 1163 (7th Cir. 1989).  However, due process requires that before

holding someone in contempt, he must be offered an opportunity to give an "adequate excuse" why he failed to comply with the order. *United States Sec. & Exchange Comm'n v. Hyatt*, 621 F.3d 687, 694 (7th Cir. 2010).

The facts, as found by Magistrate Judge Frazier, demonstrate by clear and convincing evidence that Lewis twice significantly violated a specific and unequivocal command to attend a deposition. Lewis was afforded on January 14, 2016, an opportunity to provide an adequate excuse why he failed to comply, but he failed to avail himself of that opportunity. Although the Court believes it would be justified, based on the evidence in the file, in finding Lewis in contempt of court, the Court is hesitant to do so without actually hearing from Lewis. Instead, the Court finds exclusion of his testimony is an appropriate course of action. Accordingly, the Court will disregard Lewis' affidavit submitted as evidence in this case. Should plaintiff Cortez Gillum wish to call Lewis as a witness at trial, he may ask the Court to reopen discovery for the limited purpose of deposing Lewis before the final pretrial conference.

For the foregoing reasons, the Court:

- **DENIES without prejudice** Baxton's motion for contempt (Doc. 120);

- **GRANTS in part** and **DENIES in part** Baxton's supplemental motion for contempt and to exclude evidence (Doc. 133). The motion is **GRANTED** to the extent it seeks to exclude the testimony of Roddrick Lewis in this case. The motion is **DENIED without prejudice** to the extent it seeks to hold Lewis in contempt; and

- **ADOPTS** the Certification of Facts Constituting Civil Contempt but **DECLINES** to hold Lewis in contempt.

**IT IS SO ORDERED.**
**DATED:   January 21, 2016**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
