UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CORTEZ D. GILLUM,

        Plaintiff,

      v.

MICHAEL BAXTON, JR. *et al.*,

        Defendants.

Case No. 12-cv-626-JPG-PMF

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Michael Baxton, Jr.'s motion for summary judgment (Doc. 117) on plaintiff Cortez D. Gillum's claim under 42 U.S.C. § 1983 that Baxton violated his Fourth Amendment rights by using excessive force when trying to arrest him on March 4, 2012.   Gillum has responded to the motion (Doc. 121), and Baxton has replied to that response (Docs. 135 & 146).

**I.      Summary Judgment Standard**

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000).   The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party.   *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396.

The initial summary judgment burden of production is on the moving party to show the Court that there is no reason to have a trial.   *Celotex*, 477 U.S. at 323; *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013).   Where the non-moving party carries the burden of proof at trial,

the moving party may satisfy its burden of production in one of two ways.   It may present

evidence that affirmatively negates an essential element of the non-moving party's case, *see* Fed.

R. Civ. P. 56(c)(1)(A), or it may point to an absence of evidence to support an essential element of

the non-moving party's case without actually submitting any evidence, *see* Fed. R. Civ. P.

56(c)(1)(B).   *Celotex*, 477 U.S. at 322-25; *Modrowski*, 712 F.3d at 1169.   Where the moving

party fails to meet its strict burden, a court cannot enter summary judgment for the moving party

even if the opposing party fails to present relevant evidence in response to the motion. *Cooper v.*

*Lane*, 969 F.2d 368, 371 (7th Cir. 1992).

In responding to a summary judgment motion, the nonmoving party may not simply rest

upon the allegations contained in the pleadings but must present specific facts to show that a

genuine issue of material fact exists.   *Celotex*, 477 U.S. at 322-26; *Anderson*, 477 U.S. at 256-57;

*Modrowski*, 712 F.3d at 1168.   A genuine issue of material fact is not demonstrated by the mere

existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by

"some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 586 (1986).   Rather, a genuine issue of material fact exists only if "a

fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented."

*Anderson,* 477 U.S. at 252.

**II.    Facts**

      A.    <u>Evidence Considered</u>

Baxton argues that Gillum's affidavit and deposition testimony about the events of March

4, 2012, are patently incredible in light of (1) a videotape of the incident from the East St. Louis

Housing Authority that conflicts with Gillum's story, (2) depositions of several witnesses that

contradict Gillum's story, (3) deposition testimony that one of plaintiff's witnesses lied in an affidavit in support of Gillum's version of events and was not actually close to the scene and (4) the absence of other evidence to corroborate Gillum's version of events.   Baxton therefore asks the Court to disregard Gillum's statements as self-serving and without corroboration when determining the facts to be considered on summary judgment.

Baxton's request to disregard Gillum's statements is based on a misconception about the evidence necessary to withstand summary judgment.   There is no need for a party's own testimony to be corroborated by other evidence before it can be considered at the summary judgment stage.   In fact, courts routinely find that a nonmoving party's own affidavit can constitute affirmative evidence to defeat a summary judgment motion.   *See Payne v. Pauley*, 337 F.3d 767, 771 (7th Cir. 2003).   Cases that have made the statement that self-serving, uncorroborated and conclusory affidavits are not sufficient to withstand summary judgment have found the particular affidavits in issue insufficient not because they were self-serving but because they were not made on personal knowledge.   *Id.* at 772.   In truth,

> [p]rovided that the evidence meets the usual requirements for evidence presented on summary judgment—including the requirements that it be based on personal knowledge and that it set forth specific facts showing that there is a genuine issue for trial—a self-serving affidavit is an acceptable method for a non-moving party to present evidence of disputed material fact.

*Id.* at 773.

Much of Gillum's affidavit and deposition testimony in this case satisfies this standard, and the Court will therefore consider his statements in opposition to Baxton's motion for summary judgment.   Consequently, since the Court must view the evidence in Gillum's favor where there are issues of fact, it must accept Gillum's version of the facts for the purposes of this motion.

Baxton is free to argue to the jury that it should reject Gillum's testimony for the reasons set forth in his reply brief, but the Court is not free to do so at this stage of the case.

The Court further notes that Gillum has presented the affidavit of Termaine Moore to support his version of the relevant events.   Baxton argues that the Court should disregard Moore's affidavit because other affidavits Gillum presented were questionable.   This is not a legitimate reason to disregard an affidavit.   Therefore, even if Gillum were required to have corroboration for his testimony – which he is not – he has provided it in Moore's affidavit.

Finally, the Court has disregarded the affidavit of Rodderick Lewis, which it excluded as a sanction for Lewis's failure to attend his deposition as ordered by the Court.[1]

B.   Events of March 4, 2012

Viewed in the light most favorable to Gillum, the relevant evidence and the reasonable inferences that can be drawn from that evidence establish the following facts.

Prior to the incident between the parties on March 4, 2012, the United States Marshals Service ("USMS") had issued a warrant for Gillum's arrest for failing to return to a half-way house where he was serving out his term of incarceration.   The warrant indicated Gillum was armed and dangerous.

Baxton, a police officer for the City of East St. Louis, Illinois, was dispatched on March 4, 2012, to the Orr-Weathers Housing Complex ("Orr-Weathers") to locate Gillum for the USMS. He knew that Gillum was wanted by the USMS because he had failed to return to a half-way house and believed he was armed and dangerous.   He was also under the impression that Gillum had previously been convicted of second-degree murder.   Baxton concluded from this information Gillum was a threat to law enforcement and to the public in general.

---

[1] The Court notes that the result of the pending motion would be the same with or without Lewis's affidavit.   Gillum's testimony itself is sufficient to withstand summary judgment.

4

When Baxton arrived at Orr-Weathers, he saw someone matching Gillum's description and thought he was acting in a suspicious manner because he was wearing a hooded sweatshirt that concealed his head, walking at an abrupt pace and was turning to look at Baxton's patrol car. Baxton stopped his patrol car and came to the conclusion that the person he spotted was Gillum.

Baxton then got out of the car, he drew his gun and pointed it at Gillum's face.   Gillum did not offer any resistance or disobey any order before Baxton grabbed Gillum by the shirt and hit him in the head with the gun twice.   Baxton continued to beat Gillum.   He told Gillum he was going to save the taxpayers some money and kill him, and then told Gillum to run so he could shoot him.   Gillum tried to defend himself from the beating, grabbed the barrel of Baxton's gun, and told Baxton just to arrest him and take him to jail.   Baxton said Gillum was not going to jail but was going to die.   Gillum and Baxton engaged in a scuffle.   Baxton tried to maneuver the gun under Gillum's chin and tried to fire it but it failed to discharge.   Baxton then told Gillum he would mace him and then blow his brains out.   Gillum pleaded with Baxton to stop, but Baxton again told Gillum to run so Baxton could shoot him.   At no time did Baxton actively resist arrest or attempt to evade arrest by fleeing.   Gillum then thought he saw Baxton raising his gun toward Gillum, so Gillum drew his own gun, shot Baxton in an attempt to scare him, and ran away.

Gillum filed this lawsuit under 42 U.S.C. § 1983 asserting Baxton used excessive force when he was trying to arrest Gillum in violation of his Fourth Amendment rights.   Baxton asks the Court to grant summary judgment in his favor because, based on his version of the events, he is entitled to judgment as a matter of law and because of qualified immunity.

III.   **Analysis**

The Fourth Amendment forbids unreasonable searches and seizures, including seizures of

individuals that are unreasonable because they involve the use of excessive force.   *See Graham v. Connor*, 490 U.S. 386, 394-95 (1989); *Tennessee v. Garner*, 471 U.S. 1, 7-8 (1985).   To determine whether unreasonable force was used, the Court balances the nature and quality of the Fourth Amendment intrusion on the plaintiff with the governmental interest at stake.   *Garner*, 471 U.S. at 8.   The Court must give "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."   *Graham*, 490 U.S. at 396.   The test is an objective reasonableness test; that is, the situation should be evaluated from the point of view of a reasonable officer on the scene rather than in 20/20 hindsight.   *Id.*   The officer's "use of force is unconstitutional if, judging from the totality of the circumstances at the time of the arrest, the officer used greater force than was reasonably necessary to make the arrest." *Chelios v. Heavener*, 520 F.3d 678, 689 (7th Cir. 2008) (internal quotations omitted).

Qualified immunity is an affirmative defense that shields government officials from liability for civil damages where their conduct does not violate clearly established constitutional rights of which a reasonable person would have known.   *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Pearson v. Callahan*, 555 U.S. 223, 231 (2009); *Denius v. Dunlap*, 209 F.3d 944, 950 (7th Cir. 2000).   It protects an official from suit "when she makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances she confronted."   *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004).   It applies only to government officials who occupy positions with discretionary or policymaking authority and who are acting in their official capacities.   *Harlow*, 457 U.S. at 816; *Denius*, 209 F.3d at 950.   The qualified

immunity test has two prongs:   (1) whether the facts shown, taken in the light most favorable to the party asserting the injury, demonstrate that the officer's conduct violated a constitutional right, and (2) whether the right at issue was clearly established at the time of the alleged misconduct. *Pearson*, 555 U.S. at 232; *see Brosseau*, 543 U.S. at 197; *Wilson v. Layne*, 526 U.S. 603, 609 (1999).

Viewing the totality of the circumstances of this case, a reasonable jury could find that Baxton used greater force than was reasonably necessary to attempt to arrest Gillum.   A reasonable officer would not think it necessary, even with a potentially armed and dangerous suspect, to hit the suspect twice with a gun, continue to beat the suspect, and try to shoot the suspect when he was being fully cooperative and obedient.   Furthermore, it was also clearly established at the time that such conduct would violate Gillum's Fourth Amendment right to be free from excessive force.   Therefore, summary judgment is not warranted.

## IV.   Conclusion

For the foregoing reasons, the Court **DENIES** Baxton's motion for summary judgment (Doc. 117).   The Court further **RECONSIDERS** *sua sponte* and **GRANTS** the plaintiff's motions for recruitment of counsel (Doc. 95, 100 & 128) and will attempt to recruit counsel again for the purposes of trial.   The Court further **ORDERS** the parties to submit a proposed final pretrial order to Magistrate Judge Frazier's chambers on or before March 31, 2016.

**IT IS SO ORDERED.**
**DATED:   February 17, 2016**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

7